In re Gerald **LINDSEY** and Ona Lindsey, Debtors.

**J. Ford Elsaesser, Trustee, Plaintiff,**

**v.**

**Michael Scott Ioane, et al., Defendants.**

**Nos. 03–21652, 04–6098.**

United States Bankruptcy Court, D. Idaho.

Jan. 25, 2005.

Britan D. Groom, Cottonwood, ID, Clinton J. Henderson, Law Office of Clinton J. Henderson, Clarkston, WA, Todd S. Richardson, Lewiston, ID, for Debtors/Defendant Michael Scott Ioane.

**32.** *Id.*

Barry W. McHugh, Elsaesser Jarzabek Anderson Marks Elliot, Bruce A. Anderson, Coeur d'Alene, ID, for Plaintiff.

## MEMORANDUM OF DECISION ON MOTIONS FOR TURNOVER AND SALE

TERRY L. MYERS, Chief Judge.

## BACKGROUND

Ford Elsaesser ("Trustee") is the chapter 7 trustee of the estate of Gerald and Ona Lindsey ("Debtors"). He is also the Plaintiff in the above adversary proceeding.

Trustee has pending before the Court motions in each file, which were noticed, objected to, heard at a consolidated hearing on December 21, 2004, and taken under advisement. This Decision deals with both matters in a consolidated fashion, and is simultaneously entered in both files.

### A. The adversary proceeding.

#### 1. Status generally

Trustee's April, 2004 complaint names numerous defendants and seeks multiple forms of relief, including: a declaration that defendant trusts and entities are "nominees or alter egos" of Debtors; avoidance of transfers to defendants under §§ 544(b), 548 and 549; turnover of property of the estate and records regarding such property under § 542; adjudication of liens and/or interests of defendants in property; declarations that certain real property is estate property; RICO recoveries; and denial of Debtors' discharge under several provisions of § 727. See Adv. No. 04–6098 at Adv. Doc. No. 1.

Trustee obtained a temporary restraining order and then a preliminary injunction preventing sale, transfer, encumbrance, etc. of property at issue *pendente lite.* Adv. Doc. Nos. 15, 37.

In June, 2004, Trustee sought entry of default judgment against certain of the defendants on certain of the counts. Adv. Doc. No. 73. The following defendants were defaulted: James Spickelmire; Mud Creek Mining, Inc.; Candle Mountain Mining, Inc.; Cornerstone Ranch LLC; Searchlight Trust ("Searchlight"); Mountain Property Management & Trust Co. ("MPMT"), National Holding Trust ("NHT"), and Equitable Financial Services ("EFS"). See Adv. Doc. No. 122 (Mem. Dec.); Doc. No. 123 (Order).

Default judgment was entered against those eight defendants, with that judgment being limited to relief under Counts 1–6 and Count 11 of the complaint. Adv. Doc. No. 124.[1]

Four of these defendants, Searchlight, MPMT, NHT and EFS, sought relief from the default judgment. Searchlight was successful; the other three were not. See Adv. Doc. No. 286 (Mem. Dec.); see also Adv. Doc. No. 290 (Order denying motion as to MPMT, NHT and EFS).[2] Those

---

**1.** The relief sought *via* Adv. Doc. No. 73, and granted *via* Adv. Doc. Nos. 122–124, involved only some of the specific forms of relief set out in the complaint. Judgment was entered on Count 1 (seeking declaration that Searchlight is a nullity); Count 2 (seeking declaration that "all trusts, LLC's and corporations" are nominees and/or alter egos of Debtors); Count 3 (§ 548 transfer avoidance); Count 4 (§ 544(b) transfer avoidance); Count 5 (§ 542 turnover of property and/or records); Count 6

(§ 549 transfer avoidance); and Count 11 (quieting title in real property). An "Amended Default Judgment" was entered following an order granted on a noticed and unopposed motion. Adv. Doc. No. 260. It added reference to a one-half interest in certain Nevada real property. *Id.*

**2.** The Court is uncertain if Searchlight ever submitted the required order on this Decision. It is clear, though, that no such order has yet been entered.

three unsuccessful defendants asked for "reconsideration" of that ruling, lost that motion, and appealed. *See* Adv. Doc. No. 293 (motion); Adv. Doc. No. 320 (Mem. Dec.); Adv. Doc. No. 321 (Order); Adv. Doc. No. 326 (notice of appeal). They have filed a motion for stay pending appeal, but have failed to bring it on for consideration.[3]

A second group of defendants consisting of Acacia Corporate Management, Inc.; Golden Opportunity Trust ("GOT"); Vern Brown; Darrell Willis; and the "John Does 1–20" were subsequently defaulted and default judgment was entered. *See* Adv. Doc. No. 186; Adv. Doc. No. 188 (Default Judgment).[4]

A number of the other named defendants have answered the complaint. The docket reflects answers filed by Nevak Mining LLC (Adv.Doc. No. 17); the United States (Adv.Doc. No. 69); True Technologies, Inc. (Adv.Doc. No. 71); Debtors and L.T. & L. Inc., Shannon Lindsey, Marianne Holes, Loraine Robinet, Alana Atchison, and Rene Lindsey (Adv. Doc. Nos. 82 and 118); Michael Ioane and Glen Halliday[5] (Adv.Doc. No. 131); Boyd Hopkins (Adv.Doc. No. 152); HF Livestock Co. (Adv.Doc. No. 153); Julie Fowler (Adv. Doc. No. 154); Ray Holes (Adv.Doc. No. 192); ALS and Searchlight[6] (Adv.Doc. No.

247); and Virgil Vial, Mark Vial, Mike Vial, David Vial and Bruce Comstock (Adv. Doc. No. 341).[7]

## 2. The turnover motion

Trustee moved, in the adversary proceeding, for turnover of certain property. *See* Adv. Doc. No. 323 (Amended Motion). Trustee indicated that, given factual issues and ongoing discovery, the turnover request would be limited to the personal property shown on an attached "Exhibit D", which listed a 1999 Lincoln Town Car, a 1993 Ford F 150 pickup truck, a 1994 Toyota pickup truck, and a 1996 GMC Yukon. *Id.* at 3. That motion, along with several objections thereto, was heard on December 21, 2004 and taken under advisement.

## B. The chapter 7 case

Though the adversary proceeding garners paramount attention, at least as weighed by sheer number of pleadings, Trustee continues with his general administration of the chapter 7 case.

### 1. Sale of escrows

Trustee seeks the Court's approval of a proposed sale of certain real estate escrow

---

3. That motion was filed on December 21, 2004. It bore only the caption of the chapter 7 case, which was obviously in error since the appeal was from decisions rendered in the adversary proceeding. It was held for docketing, and the Court later instructed that it be docketed in Adv. No. 04–6098 notwithstanding the movants' error. It has been docketed as Adv. Doc. No. 355.

4. The Trustee also initially sought default, in this second wave, against other defendants including American Lending Services ("ALS") and Vial/Comstock, but withdrew those requests. Those defendants have answered.

5. Ioane and Halliday appear *pro se*. The pleading they signed and filed constitutes an answer by them, but their attempts to answer or otherwise act on behalf of other defendants named in that pleading are ineffective. *Accord* Doc. No. 189 at 4–5.

6. This pleading was also an answer on behalf of MPMT, NHT, and EFS, the defendants who unsuccessfully sought to set aside default and default judgment.

7. The Court concludes that all named defendants have answered, or have been defaulted with default judgment (on certain counts) entered, with the sole exception of the State of Idaho, Department of Revenue.

accounts. *See* Case No. 03–21652, Doc. No. 173.[8] That matter was also heard on December 21, 2004 and taken under advisement. *Id.* at Doc. No. 178 (minute entry).

Trustee identifies the subject property as real estate escrows at Forsmann Accounting Service in Cottonwood, Idaho, consisting of:

1. An escrow account regarding a transaction where EFS is the assignee of the seller, Searchlight, and Bill and Darla Hopkins are the buyers;

2. An escrow account regarding a transaction where EFS is the assignee of Debtors, as sellers, and Dean Rowan, Inc. is the buyer;

3. An escrow account regarding a transaction where EFS is the assignee of the seller, Searchlight, and George Calvin is the buyer; and

4. An escrow account regarding a transaction where EFS is the assignee of the seller, Searchlight, and James and Cricket Bonato are the buyers. *See* Doc. No. 173 at 1–2; *see also* Exs. T–1 through T–4.

The proposed sale is to be by auction, with an opening bid of $92,912.75 (less principal reductions on the escrows after July, 2004) made by Ken Forsmann. Doc. No. 173 at 2. While this notice advised of a December 21 sale, no sale has yet occurred. Trustee essentially used the notice of sale, and the hearing, to seek Court authority to proceed with such sale at a later date.

The Court combines these two matters for resolution, much in the same way the hearings were combined, though an original Decision and Order will, of course, be entered in the appropriate files. This Decision constitutes the Court's findings of fact and conclusions of law to the extent required by applicable Rule.

## FACTS

While the facts involved in this litigation are many and complex, and most are subject to dispute, the facts related to the subject motions can be rather quickly summarized.

### A. The vehicles

Trustee, through his investigation and research of the public records, obtained information concerning the state of the title to the subject motor vehicles. That information indicates that:

a. the owner of the 1993 Ford F150 pickup truck is "Golden Opportunity" and "American Lending Services" is a lienholder; and

b. the owner of the 1999 Lincoln Town Car, the 1994 Toyota pickup, and the 1996 GMC Yukon is "National Holding" and "American Lending Services" is a lienholder. *See* Exs. P–2 through P–5.[9]

Trustee concedes he has seen none of the purchase or security documents regarding these vehicles, and relies only on the State of Idaho's response to his records request. Though the names on these reports are not fully identical with those of

---

**8.** Trustee started the process with a notice of sale in July, 2004, Doc. No. 104. *See also* Doc. Nos. 109 (corrected notice), 132 (amended notice). These were superceded by his "second amended notice of sale" on November 30, Doc. No. 173.

**9.** The Court admitted certain exhibits at hearing (P–2 through P–6 and T–1 through T–4)

on a limited basis and for a limited purpose, *i.e.*, as evidence of what Trustee had been told or informed and of the basis on which he advanced the motions. It did not appear that Trustee could, at least at the December hearing, make the requisite showing for admission of the documents in light of hearsay and foundation issues.

defendants, there was no dispute voiced by any of the litigants that the parties referred to on the responses to the title record requests are, in fact, defendants GOT, NHT and ALS.[10]

Of these interested or potentially interested parties:

—GOT has been defaulted. Default judgment has been entered against it. No relief from that judgment has been sought.

—NHT has been defaulted. Default judgment was entered against it. Its motion for reconsideration was denied. A notice of appeal has been filed. An unadjudicated motion for stay pending appeal has been filed.

—ALS has answered the complaint.[11]

The vehicles are apparently located on the real property where Debtors (and several others) reside. The parties who physically control and/or use the vehicles have not been made particularly clear. *But see* Adv. Doc. No. 323 at ¶ 6 (alleging possible parties in possession).

### B. The escrows

Real estate documents were placed in escrow accounts at Forsmann Accounting Service. Trustee asserts that, according

to Forsmann, some of the buyers under these note and deed of trust sale transactions have been performing their agreements and making payments as due; others have not. Trustee hopes to liquidate the sellers' rights under the escrows at an appropriate fair market value, with the precise amount to be established through an auction process. The sales price, he concedes, will reflect "discounts" from the remaining balances presently due on the notes.[12]

The "seller" under each of the four escrowed transactions, according to the account information supplied Trustee by Forsmann Accounting Service, is now EFS. *See* Exs. T–1 through T–4 (documents indicating Searchlight or Debtors were original sellers and assigned rights to EFS).[13] EFS was defaulted, and had a default judgment entered against it. EFS sought unsuccessfully to have the default judgment set aside. It lost a motion to reconsider, and filed a notice of appeal and a motion for stay pending appeal.

As with the vehicles, the evidence before the Court regarding the escrows consists solely of information supplied to Trustee

---

**10.** Neither "Golden Opportunity" nor "National Holding" is a complete entity name. But all parties appear to concede that the missing word in each case is "Trust" and that the reference on the title certificates is to GOT and NHT.

**11.** ALS is represented, and its counsel appeared at the December 21 hearing. ALS presented no evidence regarding the nature, validity or extent of any lien interest it may have in the subject vehicles. No proof of claim has been filed in Case No. 03–21652 by this creditor.

**12.** There was much debate and contentious questioning of Trustee on this subject at the hearing. It really is not difficult to grasp. A potential purchaser of a seller's interest under

a real estate transaction with a remaining stream of payments due would not likely pay that seller the full balance. Rather, he would offer a discounted figure, reflecting his evaluation of the age of the agreement, the remaining term, the history of the buyer's performance, the risk of future nonperformance and default, and the value of security, among other factors. The magnitude of an appropriate discount is negotiable and it cannot be ascertained with mathematic certainty. Trustee explained his evaluation of the several factors involved, which were, of course, different in regard to each of the four escrows since the notes, the buyers' performance, and the nature of the property securing the notes were each different.

**13.** *See supra* note 9.

by a third party (here Forsmann[14]) on which Trustee relies in bringing his motion. Trustee has no direct personal knowledge concerning, for example, the creation and execution of the documents found in the escrow accounts, the interests of the parties, or the performance of those accounts.

## DISCUSSION AND DISPOSITION

### A. Motion for turnover of vehicles

#### 1. The motion within the adversary

■ Trustee's motion for turnover, urged within the parameters of the adversary proceeding, is essentially a request for enforcement of the default judgment which was earlier entered against some of the defendants on some of the counts. It is not a motion for summary judgment. *Cf.* Fed.R.Civ.P. 56, incorporated by Fed. R. Bankr.P. 7056. Nor is it any other sort of identifiable pre-judgment procedural motion.[15]

Trustee's submissions are not clear in identifying the rule(s) upon which this relief is sought. The Amended Motion, Adv. Doc. No. 323, cites § 542 and refers to the

history of the litigation, including the default judgments, but does not make clear the basis for entry of an order at this time in the form desired.

Money judgments may be enforced by execution, and judgments for specific acts or vesting title may be enforced by the Court. *See* Fed. R. Bankr.P. 7069 and 7070 (incorporating Fed.R.Civ.P. 69 and 70). However, it is not clear that this is what Trustee seeks to do.[16]

In general, the Court should not grant motions in the absence of citation and clarity, and an unarguable right to the particular relief sought. This suggests that the motion here should be denied.

#### 2. The Default Judgments

The Amended Motion refers to the default judgments earlier entered. Adv. Doc. No. 323 at 2–3. In limiting the request for relief to the four vehicles, Trustee states:

5. Based upon the specific objections raised by Defendants to the [prior] Motion for Turnover, and the need to conduct further discovery and investigation

---

14. The information comes from the holder of the accounts, Forsmann Accounting Service. That entity is also the prospective purchaser under the notice of sale, though its initial bid may be subject to competition. Trustee seemed to indicate he had or would independently verify the factual representations regarding the assets prior to sale, and he would not rely solely on the hopeful purchaser's input.

15. A "motion for turnover" would not be a proper means by which Trustee could obtain adjudication of any matters placed at issue under the complaint and the defendants' answers but not yet tried.

16. An additional problem is presented by Fed. R. Bankr.P. 7054(a), which incorporates Fed. R.Civ.P. 54(a)-(c). Rule 54(b) provides:
(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an ac-

tion, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

on certain items, the Trustee is amending its motion to request the turn over of items of personal property described on attached Exhibit D. Exhibit D is a list of personal property for which no specific objection has been received, *and which appears to be owned by Debtors or Defaulted Defendants in this matter.*

6. The property set forth on attached Exhibits D *is essentially titled in, or claimed owned by the Default Judgment Defendants* and is possessed by the named Defendants Gerald Lindsey, Ona Lindsey, Ray Holes, Marianne Holes, Boyd Hopkins, Julie Fowler and/or H.F. Livestock, Inc.

*Id.* (emphasis added).

NHT is the "owner" of three of the four vehicles, at least according to the certificate of title information provided to Trustee by the State of Idaho. GOT is the owner of the Ford F 150 according to the certificate of title information. NHT and GOT are similarly situated in that both have been defaulted and have had default judgment entered against them.[17] NHT, however, has a pending appeal and an as yet unheard motion for stay pending appeal.[18]

Given the appeal, and the lack of "determination and direction" addressed in Rule 54(b), questions exist as to whether the Court should "enforce" the judgments against the defaulted defendants NHT and GOT in the fashion urged. This, too, suggests that the motion should be denied.

### 3. Other defendants

Trustee expressly relies on the default judgment against NHT, and presumptively on that against GOT, which held those entities to be the "nominees" and "alter egos" of Debtors. He argues that the effect of the default judgments against NHT and GOT is to nullify their claimed interests and render the vehicles property of Debtors and, thus, their § 541(a) estate. *See* Adv. Doc. No. 323 at 2–4.

The motion, however, effectively seeks relief against parties other than just NHT and GOT. *Id.* at 4 (asking for an order "commanding Gerald Lindsey, Ona Lindsey, Ray Holes, Boyd Hopkins, Julie Fowler and H.F. Livestock, Inc., to turn over the personal property described on attached Exhibit D to the Chapter 7 Trustee within five (5) days of the entry of the Order for Turnover.") None of these parties has been defaulted or had judgment entered against them.

Further, Searchlight argues that, if NHT and/or GOT are "nullities," their interest in the vehicles "reverts" to, or ownership of the vehicles "revests" in, Searchlight as an alleged predecessor in interest and transferor to NHT and/or GOT. Whatever might be said about the strength or weakness of this argument, it is clear that

---

17. The Court notes that several arguments have been advanced regarding whether the judgments entered were different from the relief sought in the complaint. *See* Fed. R.Civ.P. 54(c), incorporated by Fed. R. Bankr.P. 7054(a) (stating "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."). Given the Court's resolution of other objections and denial of the motion, this contention need not be reached at the present time.

18. Each of the State's responses to Trustee's record requests indicates that there is an asserted lien interest of ALS appearing on the title certificates. Trustee has presented no evidence regarding these potential interests. Nor did ALS, even though its counsel was present at and participated in the December hearing. ALS has not been defaulted but, instead, has answered and generally denied Trustee's complaint. The Court presumes Trustee desires turnover of the vehicles subject to those unadjudicated interests.

it has yet to be adjudicated.[19] That argument cannot be tried under the procedural guise of the "motion for turnover."

In essence, the difficulty with the approach advanced by Trustee, and with the specific ruling requested under this motion, flows from the limited and somewhat piecemeal relief sought and allowed to date. While default judgment has been entered against GOT (and not assailed) and against NHT (and appealed), the claims and defenses of Searchlight, its alleged beneficiaries, and other non-defaulted defendants—however tenuous Trustee believes those claims and defenses to be—have not been litigated. And, contrary to the certain assertions or suggestions that have been made, the Court cannot simply resolve such matters on the existing record as a matter of law and "undisputed" fact.

This, too, suggests that the motion should be denied. In sum, considering all the foregoing factors, the Court concludes that turnover is not proper on the state of the record, and the Amended Motion for turnover will be denied.[20]

## B. Motion for approval of sale of escrows

■ EFS is, at least according to the summaries and documents provided Trustee by Forsmann Accounting Service, the holder of the sellers' interests in the four escrows.

EFS lost its motion to set aside the default judgment entered against it, and its motion for reconsideration of that ruling. It has appealed, and it has started the process of seeking stay pending that appeal.

As with the vehicles, Trustee argues that the portion of the default judgment finding EFS to be the nominee or alter ego of Debtors means that property in EFS' name is *per force* property of Debtors' estate and subject to his sale or other administration. *See* Adv. Doc. No. 124 at 3–4, ¶ 5.

However, also as with the vehicles, Searchlight and others including the alleged beneficiaries of Searchlight argue that the judgment at best would effect only a reversion of EFS' interest back to EFS' alleged predecessor in interest (*i.e.,* Searchlight as to three escrows, and Debtors on the Dean Rowan, Inc. escrow). As the repeated use here of the term "alleged" signifies, there has been no proof of the facts underlying the defendants' various claims, nor any testing of their legal contentions. Trustee clearly thinks little of the arguments and doubts the factual assertions can be proven by defendants. But, as with the vehicles discussed above, the claims of those defendants *viz* the escrows remain as yet unadjudicated.

The Court therefore concludes that, on the present state of the record, the motion for approval of sale of the sellers' interests in the escrows cannot be approved.

## C. Other matters

The process of evaluating and resolving these two motions leads the Court to some observations regarding other aspects of the adversary proceeding.

---

**19.** As noted, Searchlight successfully set aside the default judgment, and has answered the complaint.

**20.** Trustee may be concerned that the vehicles remain insured and safeguarded pending the final resolution of this litigation. That issue is addressed to some degree by the injunction that now stands. If greater protection is needed to preserve these subjects of litigation, while the parties' competing interests are determined, that issue can be brought forth on appropriately drawn, and limited, pleadings.

On the one hand, it is hard for the Court to criticize too harshly the conceptual approach of Trustee, which is apparently aimed at resolving discrete issues as to certain parties or certain property, even though major portions of the matter will necessarily remain at issue. Given the complexity of the case, small bites may be better than big gulps.

On the other hand, only some of the defendants have been defaulted. And the default judgments speak to only certain of the counts. Some of these defendants have appealed. Many defendants have answered, are defending the various allegations of the complaint, and contest both the factual and legal contentions advanced by Trustee. Even setting aside questions of Rule 54(b), the appeal, and the motion for stay pending appeal, the presence of judgment against *some* of the defendants on *some* of the counts does not readily support "across the board" relief.

The Court is led toward the conclusion that it is unlikely much can be resolved in this adversary proceeding through incremental litigation and rulings. After nine months, hundreds of pleadings, and tens of thousands of dollars in legal costs, there has been only modest reduction in the scope of the litigation. Negotiation and settlement among the parties in order to reduce the expense and sweep of the litigation is not at all evident. And the Court harbors strong reservations, given the submissions reviewed to date, whether much of anything can be appropriately addressed through summary judgment processes.[21] The best solution appears to be to move the case deliberately and purposefully toward trial.

Therefore, the Court determines that the adversary proceeding shall be set for a status and pretrial conference. The Court will at that time, with the parties' input, address and establish deadlines for discovery, the scheduling of a trial date, and related matters. The parties will be advised by the Clerk of the date and time of such conference.

## CONCLUSION

For the reasons stated, the Trustee's motion for turnover of vehicles, brought in the adversary proceeding, shall be denied. The Trustee's motion for approval of sale of escrowed real estate contracts, brought in the chapter 7 case, shall also be denied. The Court will enter orders so providing.

---

**21.** The Court was previously presented with summary judgment motions. All were continued or abated while certain other matters were heard and resolved. If the moving parties believe such matters are viable and should be resolved by the Court, they can again notice the same for hearing. (It appears Trustee wants to do so in connection with his request for partial summary judgment against Ray Holes and Marianne Holes. *See* Adv. Doc. No. 352). The requirements of LBR 7056.1, effective January 1, 2005, shall apply to any and all such motions renewed for consideration. (That Local Rule will also apply to hearings and submissions on any new summary judgment motions). Any of the previously filed motions for summary judgment or partial summary judgment which are not renewed within 20 days of this Decision shall be denied without further notice or hearing.